IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-506-BO-RN

BRITTANY MONET BAINES,                )
                                      )
                Plaintiff,            )
                                      )
        v.                            )                    O R D E R
                                      )
LVNV FUNDING LLC,                     )
                                      )
                Defendant.            )

This cause comes before the Court on defendant's motion to dismiss, plaintiff's motion for

sanctions, defendant's motion to strike, and plaintiff's motion to amend her complaint. The

appropriate responses and replies have been filed, or the time for doing so has expired, and in this

posture all motions are ripe for disposition.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant in the

Superior Court for Cumberland County, North Carolina, alleging violations of the Fair Credit

Reporting Act and the Fair Debt Collections Practices Act. [DE 1-2]. Defendant removed the

action to this Court on the basis of its federal question jurisdiction. [DE 1].

Defendant then moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure on August 27, 2025. [DE 6]. The same day, plaintiff filed a

document titled Judicial Notice and Procedural Timeline Clarification, in which plaintiff states her

position that defendant's response to plaintiff's complaint is due August 27, 2025, and that, should

defendant fail to answer or otherwise respond by that date, plaintiff will move for entry of default.

[DE 10]. Plaintiff also attached a number of documents and an evidence index. *Id.* Plaintiff then responded in opposition to the motion to dismiss. [DE 12]. Plaintiff also filed a Supplemental Judicial Notice and Notice of Litigation Conduct in which she describes defendant's motion to dismiss as reactive to her first Judicial Notice and Procedural Timeline Clarification. [DE 13]. On August 29, 2025, plaintiff moved for sanctions against defendant. [DE 14]. On September 17, 2025, defendant moved to strike plaintiff's Judicial Notice and Procedural Timeline Clarification. [DE 17]. On November 5, 2025, plaintiff moved for leave to file an amended complaint, attaching her proposed amended complaint. [DE 22]. Defendant opposes plaintiff's motion for leave to amend, arguing that granting leave to amend would be futile as the proposed amended complaint fails to state a claim. [DE 23].

## DISCUSSION

The Court considers first defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

2

at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

Plaintiff's complaint alleges as follows. Plaintiff is a natural person and defendant is a debt buyer and furnisher of credit information. [DE 1-2]. In November 2024, defendant began reporting a derogatory trade line on plaintiff's TransUnion credit report in the amount of $687, tied to WebBank/Avant. Plaintiff disputed the account on multiple occasions between February and June 2025, including by filing a formal CFPB complaint. Despite plaintiff's disputes, defendant failed to validate the WebBank/Avant account with an original, signed contract, chain of title, or Forward Flow agreement which would link the debt to plaintiff. Defendant continued to report this item each month from November 2024 through June 2025 as "Open Collection," with dispute notations, but without legally sufficient verification.[1]

Plaintiff brings four claims under the Fair Credit Reporting Act: violation of § 609(a)(1) for failure to provide contract or itemized validation of debt; violation of § 611(a)(7) for failure to disclose method of verification; violation of § 623(a)(1)(A) for reporting inaccurate and

---

[1] To the extent plaintiff would rely on documents submitted at [DE 10] to support her complaint, those documents were not attached to her complaint and are not referenced in her complaint, and thus the Court does not consider them. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

3

inconsistent information across credit bureaus; and for violation of § 1681i(a) for failure to conduct a timely reinvestigation. The Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.* was enacted "in 1970 out of concerns about abuses in the consumer reporting industry." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001). The FCRA imposes duties on both credit reporting agencies and furnishers of information to the credit reporting agencies. *Saunders v. Branch Banking And Tr. Co. Of VA*, 526 F.3d 142, 147-48 (4th Cir. 2008). "The FCRA provides a private right of action for consumers against entities or persons that violate the statute. If a violation of the FCRA occurs through negligence, 'the affected consumer is entitled to actual damages.' For willful violations of the FCRA, the consumer may recover actual, statutory, and punitive damages." *Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 843 (E.D. Va. 2017) (internal citations omitted; citing *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 52-53 (2007)).

Section 609(a)(1) of the FCRA provides that, upon request, consumer reporting agencies shall "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request[.]" 15 U.S.C. § 1681g(a)(1). Section 611(a)(7) of the FCRA provides that consumer reporting agencies "shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description." 15 U.S.C. § 1681i(a)(7). This provision concerns the results of reinvestigation by the consumer reporting agency, which requires that the consumer be provided with a description of the procedure which was used to determine the completeness and accuracy of disputed information. *Id.* § 1681i(a)(6)(B). Section 1681i(a) outlines generally the procedure to be used by a consumer reporting agency when a consumer notifies it of a dispute. *See id.* § 1681i(a)(1)(A).

Each of the above-recited provisions of the FCRA apply to consumer reporting agencies, but plaintiff has not alleged that defendant is a consumer reporting agency. Rather, she has alleged

4

that defendant is a debt buyer and furnisher of credit information. *See also* 15 U.S.C. § 1681a(f) (defining "credit reporting agency"). She has therefore failed to state a claim under these provisions of the FCRA against defendant. Plaintiff's FCRA claim under Section 623(a)(1)(A) also fails. This provision prohibits furnishers from providing information about consumers that they know or have reasonable cause to believe is inaccurate. § 1681s-2(a)(1)(A). However, there is no private right of action under this provision. *Saunders*, 526 F.3d at 149 ("FCRA explicitly bars private suits for violations of § 1681s–2(a)").

Plaintiff has also failed to state a claim under the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692, *et seq*. The FDCPA was enacted in part to "eliminate abusive debt collection practices by debt collectors" and regulate debt collection practices. 15 U.S.C. § 1692(e). Plaintiff alleges that defendant violated two provisions of the FDCPA: 15 U.S.C. § 1692g(b) and § 1692e by continuing to collect on and report an unvalidated debt. Section 1692g concerns the validation of debts, and the relevant portion of the statute requires

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Section 1692e prohibits debt collectors from using false, misleading, or deceptive representations in connection with their debt collection efforts. *Id.* § 1692e. In order to prevail on an FDCPA claim, a plaintiff must show that "(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Johnson v. BAC Home Loans Servicing*, 867 F. Supp.2d 766, 776 (E.D.N.C. 2011).

5

First, plaintiff has failed to plausibly allege the existence of a consumer debt. Plaintiff alleges she is a natural person, but she has not alleged any facts which would show an obligation to pay a debt as that term is defined by the Act. *See* 15 U.S.C. § 1692a(3); (5) (defining "consumer" and "debt"). Plaintiff further summarily alleges that defendant is a debt collector but provides no factual content which would support her allegation that defendant is a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"). Though plaintiff has alleged that defendant is a debt buyer, that does not necessarily support defendant being a debt collector under the statute. *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) ("a debt purchaser . . . may indeed collect debts for its own account without triggering the statutory definition [of debt collector]"). And plaintiff has failed to plausibly allege that defendant violated the provisions of the FDCPA she has identified. Verification of a debt is required where a consumer disputes the validity of the debt in writing within thirty days of being notified of the debt. *See* § 1692g(a)(3)-(4). Plaintiff has not alleged that defendant communicated with her about a debt or that she disputed the debt in writing within the time required. *See Senftle v. Landau*, 390 F. Supp. 2d 463, 475 (D. Md. 2005) (failure by consumer to act within thirty-day period waives right to dispute the debt, and thus no duty to validate debt arose).

Moreover, while the statute does not define how a debt is properly verified, the Fourth Circuit has held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999); *see also Green v. Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP*, No. 3:21-CV-674-MOC, 2022 WL 2239964, at *3 (W.D.N.C. June 22, 2022). Plaintiff's claims that defendant failed to provide her with an original, signed contract, chain of

6

title, or Forward Flow agreement and thus violated the FDCPA fails. Finally, plaintiff has not identified any alleged inaccurate or misleading statements by defendant, and her § 1692e claim is properly dismissed.

In opposition to the motion to dismiss, plaintiff contends she has established ongoing credit harm, that concrete injury and standing are present, and that the defense has engaged in procedural misuse and preemptive strategy. [DE 12]. Plaintiff further argues that she has sufficiently pleaded the statutory violations in her complaint, that defendant is a well-known debt collector, and that the deletion of the account does not eliminate any harm already caused. Defendant has not argued that plaintiff lacks standing to bring her claims, and plaintiff has failed to meaningfully respond to defendant's arguments. Defendant's motion to dismiss [DE 6] is therefore granted.

Plaintiff's motion for sanctions [DE 14] is denied. Plaintiff seeks sanctions against defendant, arguing that defendant's motion to dismiss "closely mirrors" plaintiff's Judicial Notice and Procedural Timeline (Notice), that the motion to dismiss does not reference the documents in plaintiff's Notice, and that these deliberate omissions amount to bad faith litigation conduct. Plaintiff's motion for sanctions is without merit and she has identified no conduct by defense counsel which would support the imposition of sanctions. The motion is denied.

Plaintiff has also moved to amend her complaint. [DE 22]. In her proposed amended complaint, plaintiff seeks to allege three claims for relief: for violation of § 1681i of the FCRA for failure to conduct a reasonable reinvestigation; for violation of § 1681s-2(b) for failure to correct and update inaccurate information after notification by the credit reporting agency; and for violation of §§ 1692g(b) and 1692e of the FDCPA for failing to cease collection activities and verify debt upon plaintiff's written dispute and for deceptively and misleadingly continuing

7

collection and furnishing after failing to validate the debt. Plaintiff expressly relies on information provided in her Notice to support her claims.

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend should only be denied where there is bad faith on the part of the moving party, the amended would be futile, or granting leave would prejudice the non-moving party. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Defendant opposes the motion to amend as futile. A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

First, plaintiff again seeks to bring a claim under a FCRA provision which applies expressly to a consumer reporting agency, 15 U.S.C. § 1681i, but plaintiff has not alleged that defendant is a consumer reporting agency as that term is defined by the FCRA. Plaintiff next seeks to bring a claim under § 1681s-2(b), which imposes a duty on furnishers of information when a consumer disputes the accuracy of information reported by the furnisher. If a consumer reporting agency notifies a furnisher of a dispute by the consumer, the furnisher must, *inter alia*, conduct an investigation and report the results to the consumer reporting agency. § 1681s-2(b)(1); *see also Saunders*, 526 F.3d at 148. The essential elements of a § 1681s-2(b) claim are "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a [consumer reporting agency]; (2) the [agency] notified the furnisher of that dispute; [and] (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025) (quotation and citation omitted, alterations in original).

8

In her proposed amended complaint, plaintiff alleges that she submitted multiple disputes and filed a complaint with the Consumer Financial Protection Bureau, that defendant acknowledged the dispute but did not fully resolve it, and that defendant failed to provide sufficient verification in the form a signed agreement, Forward Flow Agreement, or proof of assignment. But plaintiff has not alleged that defendant failed to conduct a reasonable investigation, or how the reporting was inaccurate. *See id.*, 131 F.4th at 252 ("a plaintiff alleging a violation of a furnisher's obligation to reasonably investigate indirect disputes must allege facts that, if true, show that her credit report contained inaccurate or incomplete information.").

Finally, plaintiff's proposed FDCPA claims also fail to state claims for relief. The pleading requirements for these claims is outlined above, but plaintiff's proposed amended complaint does not cure the deficiencies outlined in regard to her original complaint. Plaintiff's proposed amended complaint does not provide sufficient factual allegations to plausibly allege that, for example, defendant is a debt collector under the statute, that she disputed the alleged debt in writing within the thirty-day time period, or that defendant failed to validate the debt. As noted, though plaintiff alleges that she was not provided with, among other things, a Forward Flow agreement, she has identified no requirement that a debt collector provide such specific documents to the consumer when validating a debt. *See Chaudhry*, 74 F.3d at 406.

Plaintiff's proposed amended complaint, like her original complaint, contains primarily conclusory allegations with little factual support. Though in her amended complaint she expressly relies on documents she filed with her Notice, the Court notes that it is not "required to scour through Plaintiff's attachments in an attempt to cobble together the facts" which could support her claims. *Campbell v. StoneMor Partners, LP*, No. 3:17-CV-407, 2018 WL 3451390, at *4 (E.D. Va. July 17, 2018). Plaintiff's motion to amend her complaint is therefore denied.

9

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 6] is GRANTED. Plaintiff's motion for sanctions [DE 14] is DENIED. Plaintiff's motion to amend her complaint [DE 22] is DENIED. Defendant's motion to strike [DE 17] is DENIED AS MOOT.

As plaintiff's complaint is dismissed and leave to amend is denied, the clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this **19** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10